# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DERRICK MARIANI-RIOS,**

      **Plaintiff,**

**v.**                                                 **Case No: 6:16-cv-2101-Orl-41GJK**

**MELAO BAKERY LLC.,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTION WITH PREJUDICE (Doc. No. 20)**
>
> **FILED:**     May 15, 2017
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

## I. FACTUAL BACKGROUND

On December 7, 2016, Plaintiff filed a complaint against Defendant alleging unpaid overtime in violation of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq*. Doc. No. 1. On March 1, 2017, Plaintiff filed his answers to the Court's interrogatories. Doc. No. 18. In his answers, Plaintiff claims $4,450 in damages, excluding liquidated damages, fees, and costs. *Id.* at 2. On March 29, 2017, Plaintiff filed a notice of settlement. Doc. No. 19. On May 15, 2017, the parties filed a joint motion (the "Motion") to approve their FLSA settlement agreement (the

"Agreement") and dismiss the case with prejudice. Doc. No. 20 at 1-8. The parties attach the Agreement in support of the Motion. *Id.* at 9-22. The matter has been referred to the undersigned for a report and recommendation. Doc. No. 5. For the reasons that follow, the undersigned recommends that the Agreement be approved with certain modifications and the case be dismissed with prejudice.

**II.    APPLICABLE LAW**

In *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id.* Before approving an FLSA settlement, the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id.* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net")). In *Silva*, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers*

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

> v. G & M Roofing & Sheet Metal Co., 732 F.2d 495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *See also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F. Supp. 2d 1259 (M.D. Fla. 2008).

*Id.* at 351-52.[2] For the Court to determine whether the proposed settlement is reasonable, plaintiff's counsel must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorney's fees, costs, or expenses pursuant to a contract between the plaintiff and counsel, or otherwise. *Id.* When a plaintiff receives less than a full recovery, any payment from plaintiff's recovery above a reasonable fee improperly detracts from the plaintiff's recovery.[3] Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs.[4] It is the Court's responsibility to ensure that any such allocation is reasonable. *Id.* As the Court interprets the *Lynn's Food Stores, Inc.* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

An alternate means of demonstrating the reasonableness of attorney fees and costs was set forth in *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009). In *Bonetti*, the Honorable Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and

---

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.
[3] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his or her counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.
[4] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

> adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) <u>represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.</u>

*Id.* at 1228 (emphasis added). Judge Presnell maintained that if the matter of attorney fees is "addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id.* The undersigned finds this reasoning persuasive.

## III. ANALYSIS

### A. Settlement Amount

As noted above, Plaintiff claims $4,450 in damages for unpaid overtime, excluding liquidated damages, fees, and costs. Doc. No. 18 at 2. In the Agreement, Plaintiff will receive $2,800. Doc. No. 20 at 14. The $2,800 comprises $1,400 in unpaid overtime and $1,400 in liquidated damages. *Id.* Since Plaintiff is receiving less than the amount he claimed, Plaintiff has compromised his claims under the FLSA. *Caseres v. Texas de Brazil (Orlando) Corp.*, 6:13-cv-1001-Orl-37KRS, 2014 WL 12617465, at *2 (M.D. Fla. April. 2, 2014) ("Because [plaintiff] will receive under the settlement agreement less than she averred she was owed under the FLSA, she has compromised her claim within the meaning of *Lynn's Food Stores*").

The case involves disputed issues of FLSA liability, which constitutes a bona fide dispute. Doc. No. 20 at 3. After exchanging information regarding Plaintiff's job duties, hours, and pay, the parties decided to settle their dispute to avoid the additional time, risks, expense, and uncertainty of protracted litigation. *Id.* at 3-5. Each party was represented by independent counsel

who are experienced in handling FLSA claims. *Id.* at 4-5. Considering the foregoing, and the strong presumption favoring settlement, the undersigned recommends that the Court find the settlement amount to be fair and reasonable.

### B. General Release and Confidentiality Provision

The Agreement contains a general release and confidentiality provision. Doc. No. 20 at 11-13, 17. Courts within this District have questioned the propriety of such provisions on the fairness and reasonableness of an FLSA settlement. With regard to general releases, U.S. District Judge Steven D. Merryday explained:

> An employee seeking to vindicate his FLSA rights often desperately needs his wages, and both the employee and the employer want promptly to resolve the matter. In a claim for unpaid wages, each party estimates the number of hours worked and the plaintiff's wage (i.e., establishes a range of recovery), and the court evaluates the relative strength of the parties' legal argument asserted in the particular case. However, in an FLSA action, neither party typically attempts to value the claims not asserted by the pleadings but within the scope of a pervasive release – that is, those "known and unknown," or "past, present, and future," or "statutory or common law," or other claims included among the boiler plate, but encompassing, terms unfailingly folded into the typical general release. Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate.

*Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351-52 (M.D. Fla. 2010). *See also Pariente v. CLC Resorts and Developments, Inc.*, No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Oct. 24, 2014) (finding that nondisclosure provisions in FLSA settlement agreements "thwart…Congress's intent to ensure widespread compliance with the FLSA") (internal quotations omitted). Nevertheless, courts have approved such provisions when separate consideration is given. *See Middleton v. Sonic Brands L.L.C.*, Case No. 6:13-cv-386-Orl-28KRS, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (approving a settlement agreement providing $100 as separate consideration for a general release); *Bright v. Mental Health Resource Center,* No. 3:10–

cv–427–J–37TEM, 2012 WL 868804, at *5 (M.D. Fla. Mar. 14, 2012) (approving the settlement agreement as to one employee who signed a general release in exchange for the employer foregoing its counterclaims against her); *Smith v. Aramark Corp.*, Case No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *3-4 (M.D. Fla. Nov. 4, 2014) (approving FLSA settlement providing separate consideration for a confidentiality and non-disparagement clauses).

The Agreement states that Plaintiff is to receive $200 in exchange for the general release. Doc. No. 20 at 14.[5] In the Agreement and the Motion, the parties specifically address the separate consideration Plaintiff is receiving in exchange for providing a general release. Doc. No. 20 at 6-7. Thus, the Agreement provides separate consideration for the general release. *Id.* However, the Agreement and the Motion do not indicate that Plaintiff will receive separate consideration for the confidentiality provision. *Id.* at 14-15, 17. Furthermore, the Motion fails to address whether the confidentiality provision is a reasonable term of the Agreement. Because of a severability clause, the aforementioned issue is not fatal to the Agreement. *Id.* at 18. Accordingly, the undersigned recommends that the Court find the general release to the fair and reasonable, and strike the confidentiality provision pursuant to the Agreement's severability clause.

### C. Future Employment Waiver

The Agreement contains a waiver of future employment. Doc. No. 20 at 16. The undersigned finds that future employment waivers are different from general releases, in that Plaintiff, as a former employee of Defendant, knows exactly what he is relinquishing when agreeing not to seek future employment with Defendant. After reviewing the Agreement, the undersigned finds no indication that the future employment waiver undermines the fairness of the

---

[5] The Motion states that Plaintiff is receiving $200 as separate consideration for the general release. Doc. No. 20 at 2. The Motion, however, later states that Plaintiff is receiving $100 for the same. *Id.* at 6. Because the Agreement states that Plaintiff is actually receiving $200 in the exchange for the general release, the Court interprets the reference to $100 as a scrivener's error. Doc. No. 20 at 14.

Agreement. Accordingly, the undersigned recommends that the Court find the waiver of future employment to be fair and reasonable.

### D. Jury Trial Waiver

The Agreement contains a jury trial waiver. Doc. No. 20 at 18. The Agreement and the Motion do not address whether Plaintiff received separate consideration for relinquishing a jury trial or whether the right to a jury trial may be waived without such consideration. *Id.* at 14-15. *See also Raynon v. RHA/Fern Park Mr., Inc.*, No. 6:14-CV-1112-ORL-37, 2014 WL 5454395, at *3 (M.D. Fla. Oct. 27, 2014) (severing waiver of jury trial in FLSA settlement agreement, as claim for lost wages under FLSA contains Seventh Amendment jury right, and plaintiff received nothing for the waiver). However, as noted above, the Agreement contains a severability clause. *Id.* Based on the foregoing, the undersigned recommends that the Court strike the jury trial waiver.

### E. Attorneys' Fees

Under the Agreement, Plaintiff's counsel will receive $1,500 in attorneys' fees. Doc. No. 20 at 14. The parties represent that attorneys' fees and costs were negotiated separately from Plaintiff's recovery. *Id.* at 6. Such a representation adequately establishes that the issue of attorney's fees and costs was agreed upon without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Accordingly, pursuant to *Bonetti*, the undersigned finds the Agreement's attorneys' fee provision to be fair and reasonable.

## IV. CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that the Court **GRANT IN PART** and **DENY IN PART** the Motion (Doc. No. 20 at 1-8) as follows:

1) The Court should **STRIKE:**

    a. The confidentiality provision (Doc. No. 20 at 17, ¶ 9); and

    b. The jury trial waiver (Doc. No. 20 at 18, ¶ 11); and

2) The Court should **GRANT** the Motion (Doc. No. 20 at 1-8) to the extent that the Court finds the Agreement, with the modifications set forth above, to be a fair and reasonable resolution of Plaintiff's claims; and

3) The Court should **APPROVE** the Agreement (Doc. No. 20 at 9-22) as modified; and

4) The Court should **DISMISS** the case with prejudice and direct the Clerk to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite the final disposition of this matter, if the parties have no objections to this report and recommendation, they may promptly file a joint notice of no objection.**

Recommended in Orlando, Florida on June 7, 2017.

*[signature]*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy